United States District Court
Southern District of Texas

**ENTERED**
March 31, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LANRE OLOLADE, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-04040 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| CITY OF HOUSTON, | § | |
| *et al*, | § | |
| Defendant. | § | |

**OPINION AND ORDER GRANTING
MOTION TO DISMISS**

The motion by Defendant City of Houston to dismiss is granted. Dkt 23.

1. Background

Plaintiff Lanre Ololade was arrested in September 2018 by Officer FNU Barajas of the Houston Police Department for unlawfully carrying a weapon, even though he holds a valid license to carry. Dkt 22 at ¶ 17. A Texas state court judge dismissed that charge in January 2019 and ordered HPD to return his weapon. Id at ¶ 19. But other officers refused Ololade when he sought its return because he was "a documented gang member in HPD's Gang Tracking System." Id at ¶ 20.

One of the passengers in Ololade's vehicle at the time of arrest was allegedly a gang member. But Ololade himself has never been convicted of a crime or associated with a gang. Still, it appears that Officer Barajas mistakenly entered Ololade into the gang tracking system after his arrest. And Ololade apparently never followed up with HPD after being notified of his entry into the gang tracking system. Id at ¶¶ 20–21.

Almost two years after that arrest, HPD officers stopped Ololade for an inoperative passenger-side headlight. This time, he had a rifle and handgun in his vehicle. Ololade had a valid license to carry, but the officers still arrested him for unlawfully carrying a weapon on the suspected basis that he was a member of a criminal street gang. Ololade's guns were confiscated, his car was impounded, and he spent the night in jail. A state court magistrate judge dismissed the case for lack of probable cause the next morning. And upon inquiry from Ololade's counsel, HPD Sergeant Ponder "acknowledged that Ololade did not meet the criteria of a documented gang member" and removed him from the database. Dkt 22 at ¶¶ 20–21.

Ololade originally brought this action against the City of Houston and the Houston Police Department. Dkt 1. The City of Houston moved to dismiss, arguing in part that the HPD lacks capacity to be sued. Dkt 14. The motion was granted with leave to amend, and the HPD was terminated as a party. ME of 04/07/2021.

Ololade subsequently filed his first amended complaint, adding Sergeant Clinton Ponder and Officer Barajas as defendants. Ololade alleges that Ponder and Barajas violated his Fourth Amendment right against unreasonable searches and seizures and his Fourteenth Amendment right to due process. He also asserts *Monell* liability claims against the City of Houston for the underlying constitutional violations; for failure to train, supervise, and discipline; and for ratification. See generally Dkt 22.

Ponder and Barajas haven't answered or otherwise appeared because they were never served. The City of Houston now moves to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt 23.

  2. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is

entitled to relief." Rule 12(b)(6) allows the Defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 US at 570. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. This standard on plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ibid, quoting *Twombly*, 550 US at 556.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019). But "courts 'do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Vouchides v Houston Community College System*, 2011 WL 4592057, *5 (SD Tex), quoting *Gentiello v Rege*, 627 F3d 540, 544 (5th Cir 2010). The court must also generally limit itself to the contents of the pleadings and its attachments. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014).

3. Analysis
   a. *Monell* liability

To hold a city liable for the unconstitutional actions of its employees, a plaintiff must plead facts that plausibly establish (i) a policymaker, (ii) an official policy or custom, and (iii) a violation of constitutional rights whose moving force is the official policy or custom. *Piotrowski v City of Houston*, 237 F3d 567, 578 (5th Cir 2001). Ololade hasn't pleaded sufficient facts to establish at least the first two elements.

*As to a policymaker.* "A policymaker is 'one who takes the place of the governing body in a designated area of city administration.'" *Zarnow v City of Wichita Falls*, 614 F3d 161, 167 (5th Cir 2010), quoting *Webster v City of Houston*, 735 F2d 838, 841 (5th Cir 1984, *en banc*). "He or she must 'decide the goals for a particular city function and devise the means of achieving those goals.'" Ibid, quoting *Bennett v City of Slidell*, 728 F2d 762, 769 (5th Cir 1984, *en banc*). "A city's governing body may delegate policymaking authority (1) by express statement or formal action or (2) 'it may, by its conduct or practice, encourage or acknowledge the agent in a policymaking role.'" Ibid, quoting *Bennett*, 728 F2d at 769.

The Houston City Council has expressly delegated to the Chief of Police authority "to promulgate administrative rules and regulations of the police department." City of Houston Code of Ordinances ch 34, art II § 34-23. Ololade nowhere mentions the Chief of Police in his complaint, pointing instead solely to Sergeant Ponder and the "field training officers of Officer Barajas." Dkt 22 at ¶¶ 17, 90–92. As a matter of law, these officials aren't *policymakers*.

*As to an official policy.* A plaintiff may plead one of two types of policies. One is "a policy statement formally announced by an official policymaker." *Zarnow*, 614 F3d at 168. The other is "a practice so persistent and widespread as to practically have the force of law." *Ratliff v Aransas County*, 948 F3d 281, 285 (5th Cir 2020) (quotation marks and citation omitted).

4

Ololade nowhere links his claim to an official written policy. And to allege a practice so persistent and widespread as to practically have the force of law, a plaintiff "must do more than describe the incident that gave rise to his injury." *Ratliff*, 948 F3d at 285 (quotation marks and citation omitted). Yet the only facts pleaded by Ololade with any specificity are those that relate to his two arrests. Dkt 22 at ¶¶ 19–21. The complaint is in fact devoid of anything more than naked assertions that HPD maintains some undefined, constitutionally impermissible policy. That's insufficient as a matter of law. See *Gomez v Galman*, 18 F4th 769, 780 (5th Cir 2021); *Lancaster v Harris County*, 821 F Appx 267, 271–72 (5th Cir 2020).

The claim for *Monell* liability will be dismissed.

      b. Failure to train, supervise, and discipline

*As to failure to train and supervise,* a plaintiff must establish that (i) the defendant failed to supervise or train the alleged bad actor, (ii) there's a causal connection between the infringement of the plaintiff's constitutional rights and the lack of supervision or training, and (iii) the failure to supervise or train exhibited deliberate indifference to the plaintiff's constitutional rights. *Parker v Blackwell*, 23 F4th 517, *525 (5th Cir 2022). Ololade doesn't identify facts on any of these points—and in particular fails even to identify the procedures used to train the officers, much less the inadequacies of that training. Cf *Zarnow*, 614 F3d at 170. At most, he points to the allegedly unlawful conduct that occurred in his case. But the Fifth Circuit "has previously rejected attempts by plaintiffs to present evidence of isolated violations and ascribe those violations to a failure to train." Ibid, citing *Goodman v Harris County*, 571 F3d 388 (5th Cir 2009); see also *Parker*, 23 F4th at 525. A plaintiff must instead allege "at least a pattern of similar violations arising from training that is so clearly inadequate as to be obviously likely to result in constitutional violation." *Burge v St Tammany Parish*, 336 F3d 363, 370 (5th Cir 2008) (quotation marks and citation omitted); *Parker*, 23 F4th at 525. Ololade hasn't met this standard.

5

*As to failure to discipline,* a plaintiff must establish that (i) the municipality failed to discipline its employees, (ii) that failure to discipline amounted to deliberate indifference, and (iii) the failure to discipline directly caused the constitutional violations in question. *Deville v Marcantel*, 567 F3d 156, 171 (5th Cir 2009). But again, Ololade cites no evidence apart from his alleged constitutional injury that the municipality failed to discipline its employees or that the Chief of Police was deliberately indifferent "to the known or obvious consequences that constitutional violations would result" from such a failure. *Piotrowski*, 237 F3d at 579 (quotation marks and citations omitted). These allegations are thus insufficient to state a claim for failure to discipline.

The claim for failure to train, supervise, and discipline will be dismissed.

      c.   Ratification

The Supreme Court permits a ratification theory against a municipality to go forward in certain limited circumstances:

> [W]hen a subordinate's decision is subject to review by the municipality's authorized policymakers, they have retained the authority to measure the official's conduct for conformance with *their* policies. If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final.

*City of St Louis v Praprotnik*, 485 US 112, 127 (1988) (emphasis in original).

On the pleadings in *Covington v City of Madisonville*, the Fifth Circuit found such theory sufficiently alleged to withstand motion to dismiss. 812 F Appx 219, 228–29 (5th Cir 2020, *per curiam*). It specified as follows:

> Ratification in this context requires that a policymaker knowingly approve a subor-

6

> dinate's actions and the improper basis for those actions. Otherwise, unless conduct is 'manifestly indefensible,' a policymaker's mistaken defense of a subordinate who is later found to have broken the law is not ratification chargeable to the municipality.

Id at 228, citing *Praprotnik*, 485 US at 127, and *Beattie v Madison County School District*, 254 F3d 595, 603 n 9 (5th Cir 2001).

Ololade doesn't identify a policymaker. That ends the inquiry—a plaintiff can't properly plead a ratification claim without designating a policymaker or specifying how that policymaker ratified the unconstitutional conduct. And even if Ololade could point to such a policymaker, he hasn't pleaded any facts demonstrating that a policymaker knowingly approved the decisions of both Sergeant Ponder and Officer Barajas as well as the bases for those decisions. Indeed, a ratification claim is properly rejected as an impermissible "variant of *respondeat superior* liability" where the plaintiff only points to the allegedly unconstitutional actions of an officer See *Taylor v Hartley*, 488 F Supp 3d 517, 537 (SD Tex 2020).

The claim by Ololade for ratification will also be dismissed.

### 3. Potential for repleading

Rule 15(a)(2) states that a district court "should freely give leave [to amend] when justice so requires." The Fifth Circuit holds that this "evinces a bias in favor of granting leave to amend." *Carroll v Fort James Corp*, 470 F3d 1171, 1175 (5th Cir 2006) (quotation marks and citation omitted). But the decision whether to grant leave to amend is within the sound discretion of the district court. *Pervasive Software Inc v Lexware GmbH & Co KG*, 688 F3d 214, 232 (5th Cir 2012). It may be denied "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v Chapman*, 969 F3d 238, 248 (5th Cir 2020).

A previous motion by the City of Houston to dismiss was granted, with instruction to Ololade "to file his last, best pleading, as further leave to amend will not likely be allowed." ME of 04/07/2021. Ololade has failed to cure the deficiencies in his pleading. Dismissal will thus be with prejudice.

4. Failure of service

Rule 4 of the Federal Rules of Civil Procedure states in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Ololade filed his first amended complaint on May 7, 2021. Dkt 22. Over ten months have passed, yet Ololade has failed to serve Ponder or Barajas.

The claims against Ponder and Barajas will be dismissed without prejudice. Ololade may seek reconsideration within fourteen days by showing good cause as to why he failed to make timely service upon them.

5. Conclusion

The motion by Defendant City of Houston to dismiss is GRANTED. Dkt 23.

The claims against Defendant City of Houston are DISMISSED WITH PREJUDICE.

The claims against Sergeant Clinton Ponder and Officer Barajas are DISMISSED WITHOUT PREJUDICE. Ololade may seek reconsideration of this ruling within fourteen days by showing good cause for his failure to make timely service upon them.

SO ORDERED.

Signed on March 31, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge